**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

UNITED STATES OF AMERICA                                        PLAINTIFF

v.                                    **Case No. 4:15-cr-00072-05 KGB**

NORMA ACUNA                                                    DEFENDANT

## <u>ORDER</u>

Before the Court is defendant Norma Acuna's *pro se* motion for compassionate release in which Ms. Acuna seeks release to home confinement (Dkt. No. 187). The government responded in opposition to the motion (Dkt. No. 190). For the following reasons, the Court denies Ms. Acuna's motion for compassionate release (Dkt. No. 187).

### I.      Background

On April 3, 2019, Ms. Acuna pled guilty to conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Dkt. Nos. 175, 177). On October 8, 2019, this Court sentenced Ms. Acuna to 57 months of imprisonment in the Bureau of Prisons ("BOP") (Dkt. Nos. 184, 185).

In the pending motion, Ms. Acuna states that the Court should grant her compassionate release to home confinement based primarily on the risks of contracting COVID-19 in an institutional setting (Dkt. No. 187, at 2). Ms. Acuna states that she has completed 50% of her sentence, was working full time at a job on the compound, and was taking advantage of various classes prior to lockdown on April 1, 2020 (*Id*., at 1). She asserts that she is enrolled in a residential drug treatment program and "Threshold," which she describes as a six-month program that helps her with her spiritual life and her goals upon release. She also contends that she completed the "Trauma in Life" program (*Id*. at 2). Ms. Acuna states that, if released, she has a place to go,

insurance for her medical needs, and a job waiting for her with full support from her family and

mentor (*Id.*).  Ms. Acuna does not assert that she requested relief from the BOP.

The government contests this Court's jurisdiction to resolve the motion (Dkt. No. 190, at

2-5).   Specifically, the government argues that the Court lacks jurisdiction to release Ms. Acuna

to home confinement, and the Court lacks jurisdiction because Ms. Acuna did not exhaust her

administrative remedies (*Id.*).   Additionally, the government argues that compassionate release is

not warranted in this case (*Id.*, at 5-13).

## II.     Discussion

This Court's ability to modify a sentence, once the sentence has been imposed, is governed

by 18 U.S.C. § 3582(c), which provides that the Court may not modify a term of imprisonment

once it has been imposed except that:

(1) in any case—

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion
> of the defendant after the defendant has fully exhausted all administrative rights
> to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's
> behalf or the lapse of 30 days from the receipt of such a request by the warden
> of the defendant's facility, whichever is earlier, may reduce the term of
> imprisonment (and may impose a term of probation or supervised release with
> or without conditions that does not exceed the unserved portion of the original
> term of imprisonment), after considering the factors set forth in section 3553(a)
> to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction; or
> >
> > (ii) the defendant is at least 70 years of age, has served at least 30 years in
> > prison, pursuant to a sentence imposed under section 3559(c), for the
> > offense or offenses for which the defendant is currently imprisoned, and
> > a determination has been made by the Director of the Bureau of Prisons
> > that the defendant is not a danger to the safety of any other person or the
> > community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements
> issued by the Sentencing Commission; and

2

> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c).  With these statutory provisions in mind, the Court turns to examine the arguments advanced by Ms. Acuna.

### A.    Relief Under The CARES Act

This Court has received release requests during the current pandemic that reference the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020), and that reference what is often referred to as the "compassionate release" provision set forth in 18 U.S.C. § 3582(c)(1)(A).  Ms. Acuna generally seeks compassionate release.  As a result, the Court addresses that argument in this Order.

Section 12003 of the CARES Act presently and temporarily provides for expanded prisoner home confinement under the framework set out in 18 U.S.C. § 3624(c).  *See* CARES Act, Pub. L. No. 116-136, § 12003, 134 Stat. 281, 515–17 (2020).  The CARES Act places decision-making authority solely within the discretion of the Attorney General and the Director of the BOP.  *See id.*; *accord* 18 U.S.C. § 3624(c)(2).  Courts therefore do not have power to grant relief under Section 12003 of the CARES Act.  To the extent Ms. Acuna seeks relief from this Court under the CARES Act, the Court denies her motion.

### B.    Compassionate Release

3

The Court also has limited authority to consider requests pursuant to the compassionate release provision of the First Step Act of 2018, 18 U.S.C. § 3582(c)(1).  To the extent that Ms. Acuna seeks release under this provision, the Court denies without prejudice her request for failure to exhaust her administrative remedies based on the record before the Court at this time.  *See United States v. Cox*, No. 4:98-cr-73-DPM, 2020 WL 5371180, at *3 (E.D. Ark. Sept. 8, 2020) (dismissing for lack of jurisdiction an unexhausted motion for compassionate release); *United States v. Jenkins*, No. 4:15-cr-3079, 2020 WL 1872568, at *1 (D. Neb. Apr. 14, 2020) (same).

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 825 (2010) (alterations in original) (quoting 18 U.S.C. § 3582(b)). Once a district court has pronounced a sentence and the sentence becomes final, the district court may only reconsider or alter the sentence pursuant to statutory authority.  *See United States v. Addonizio,* 442 U.S. 178, 189–90 (1979).  The compassionate release provision permits a district court to modify a term of imprisonment after it is imposed.  *See* 18 U.S.C. § 3582(c)(1)(A).

Until passage of the First Step Act, under the then-governing statute only the BOP could seek from a district court compassionate release on behalf of an incarcerated federal defendant for extraordinary and compelling reasons.  The First Step Act amended the statute to authorize defendants to seek compassionate release on their own behalf, provided the defendant first asks the BOP to do so and exhausts administrative appeals following denial of this request by the BOP. *See* 18 U.S.C. § 3582(c)(1).  Specifically, an inmate may seek a compassionate release directly from the sentencing court "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility."  18 U.S.C. §

3582(c)(1)(A).  The BOP may oppose a defendant's motion for compassionate release.  The statute authorizes the district court to grant compassionate release, over the BOP's objection, under certain circumstances.  The Court is mindful of the concerns created by the COVID-19 pandemic, but the Court is not inclined under the circumstances presented in this case to ignore the compassionate release provision's exhaustion requirement.

On the record before the Court, it is not clear to the Court that Ms. Acuna has submitted a request for compassionate release to the BOP.  The Court acknowledges that she references a Regional Administrative Remedy Appeal, but she does not provide information to the Court to explain what issue she addresses in that appeal.  Accordingly, on the current record Ms. Acuna has not exhausted her administrative remedies and the Court denies without prejudice any request by Ms. Acuna for compassionate release and declines to address the merits of any such request.  If she chooses to do so, Ms. Acuna may refile her motion upon demonstrating that she has satisfied the exhaustion requirement set out in 18 U.S.C. § 3582(c)(1)(A).

III.    Conclusion

For these reasons, the Court denies Ms. Acuna's motion (Dkt. No. 187).

It is so ordered this 25th day of August, 2021.

Kristine G. Baker
United States District Judge